J-S88007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHASHION GARLAND, | |
| Appellant | No. 3276 EDA 2015 |

Appeal from the Judgment of Sentence of May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003734-2013

BEFORE:  OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **Filed January 20, 2017**

Appellant, Khashion Garland, appeals from the judgment of sentence entered on May 15, 2015 in the Court of Common Pleas of Philadelphia County.  We affirm.

We quote the trial court's recitation of the relevant procedural history.

> On January 21, 2015[,] a jury convicted [Appellant] of third-degree murder, aggravated assault, possession of an instrument of crime, carrying a firearm without a license in violation of [] the Uniform Firearms Act, conspiracy to commit third-degree murder, and conspiracy to commit aggravated assault.  [Appellant] was sentenced to a mandatory term of life imprisonment without the possibility of parole for his third-degree murder conviction with a concurrent imprisonment term of [26 to 52] years for the remaining convictions.[]  His post-sentence motion was denied by operation of law on September 29, 2015.  [Appellant] filed a notice of appeal on October 26, 2015 and was ordered to file a statement of [errors] complained of on appeal on that same date.  [Appellant] filed his statement on November 4, 2015.

*Retired Senior Judge assigned to the Superior Court.

Trial Court Opinion, 5/27/16, at 1.

Appellant raises a single question for our review.

Did not the trial court err in denying a mistrial or taking sufficient precautionary steps when two jurors, dismissed because of fear for their safety, had communicated [their] fears and their biases to the remaining jurors?

Appellant's Brief at 5.

Appellant premises his claim on the following facts. Following the commencement of deliberations, two members of the jury reported to the trial court that they each recognized individuals in the gallery who caused them to be in fear. One juror feared for her safety because someone on Appellant's side made eye contact with her. In light of the fear expressed by the first juror, a second expressed concern about a woman on Appellant's side who was the mother of one of the juror's former students. The jurors communicated their fears to the remaining ten panel members who deliberated in this case.

Appellant points out that ten members of the original panel deliberated on a verdict after learning of threats or apparent grounds to fear certain associates of Appellant. Although the trial court removed the two complaining jurors, Appellant complains that the trial court erred or abused its discretion in refusing a mistrial and failing to conduct a sufficient colloquy or issuing a cautionary instruction. Appellant argues that he is entitled to a presumption of prejudice based upon the improper communications with the jurors.

The decision to grant a mistrial is committed to the sound discretion of the trial court. *Bruckshaw v. Frankford Hosp. of Philadelphia*, 58 A.3d 102, 106 (Pa. 2012). A mistrial is required only where an incident is of such a nature that the unavoidable effect is to deprive the defendant of a fair trial. *Commonwealth v. Tejada*, 834 A.2d 619, 623 (Pa. Super. 2003).

In this case, after the trial court dismissed the two jurors and reconstituted the panel with two alternates, the court confirmed that the alternates were not exposed to improper influences and issued instructions to the entire jury. Among other things, the court directed the jurors to perform their duties in a fair and impartial manner and to reach a verdict based exclusively upon the evidence and the law. The court also reminded the jury to keep its deliberations free of bias, prejudice, and improper influence. After issuing these instructions, the court asked each juror whether he or she would accept and apply the court's directions. Each panel member answered in the affirmative. The court assessed the demeanor of each panel member and determined that the jury would deliberate in a fair and impartial manner. We discern no abuse of discretion in the court's actions.

Given the thorough record generated before the trial court, we reject Appellant's contention that he is entitled to a presumption of prejudice based upon our Supreme Court's decision in *Bruckshaw*. In *Bruckshaw*, our Supreme Court observed that, where courtroom bystanders have

unauthorized contact with jurors, appellate courts may only defer to a trial court's finding of no prejudice where the court exercises its discretion on the record, in open court, and with notice to the parties. ***Bruckshaw***, 58 A.3d at 114. Here, the trial court, on the record and in the presence of both parties, thoroughly examined concerns about alleged improper contacts and the discharged jurors' fears. The court also confirmed that the reconstituted panel would abide by the court's instructions and decide the case on the evidence, free of bias and improper influences. Accordingly, the court found no threat to Appellant's right to a fair and impartial trial. Since the record contains adequate support for the trial court's findings, the presumption of prejudice does not apply and Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017

- 4 -